UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERIBERTO CASTRO GUTIERREZ, | No. 2:12-cv-2421 GGH P |
| Petitioner, | |
| v. | ORDER |
| RON BARNES, Warden, | |
| Respondent. | |

On July 5, 2013, petitioner, proceeding pro se and in forma pauperis, filed a request for transcripts. Petitioner's habeas petition was denied and judgment was entered on June 4, 2013. Petitioner filed a notice of appeal on June 24, 2013.

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir.1991) (production of transcript at government expense for in forma pauperis appellant in civil case proper if trial judge certifies "that the appeal is not frivolous and presents a substantial question") (overruled on other grounds by Helling v. McKinney, 502 U.S. 903, 112 S. Ct. 291 (1991)).  Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

1

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. Henderson v. United States, 734 F.2d 483, 484 (9th Cir.1984).

Petitioner requests a copy of the court transcripts in this case; however, the record indicates that no hearings were conducted in this case and accordingly no transcript exists. To the extent that petitioner seeks an order from this court directing the United States to pay the expenses of printing the record on appeal, pursuant to 28 U.S.C. § 1915(c), the motion is denied because the record on appeal has already been transmitted to the Court of Appeals. See Dkt. No. 31 (stating that the Clerk's Record on Appeal was transmitted on June 25, 2013).

IT IS HEREBY ORDERED that petitioner's request for transcripts, filed July 5, 2013, (dkt. No. 34), is denied as unnecessary.

Dated: July 23, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Nesb2821.transc